LEIGH M. CLARK, Retired Circuit Judge.
A jury found this appellant guilty of robbery in the first degree, which alleged in pertinent part the following:
“Willie James Parker, alias Sonnie Parker, whose name is otherwise unknown to the Grand Jury, did, in the course of committing a theft of, to-wit: Four Hundred Sixty Eight Dollars and Twenty Seven Cents ($468.27) in lawful United States currency, denominations being otherwise unknown to the Grand Jury, the property of Motel Demopolis, use force against the person of Ruby Luker with intent to overcome her physical resistance or physical power of resistance, while the said Willie James Parker was armed with a deadly weapon, to-wit: a rifle or shotgun, in violation of 13A-8-41 of the Code of Alabama.”
By § 13A-8-41(c) robbery in the first degree is classified as a Class A felony, which is punishable by imprisonment “for life or not more than 99 years or less than 10 years.” Section 13A-5-6(a)(l). Soon after the conviction and after due notice by the State that it would proceed against defendant under the Habitual Felony Offenders Act, proof was made that defendant had been previously convicted of three felonies (more than three were actually shown), and the court sentenced him to imprisonment for life without parole. Alabama Criminal Code, § 13A-5-9(c)(3) provides that in all eases when it is shown that a criminal defendant had been previously convicted of any three felonies and after such conviction has committed a Class A felony, “he must be punished by imprisonment for life without parole.”
Appellant has established his indigency, and by reason thereof he is represented on appeal by an attorney appointed by the trial court, who has filed a brief in which two issues are presented, which we now proceed to consider in their order of presentation in appellant’s brief.
As his first contention for a reversal, appellant states:
“THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN DENYING THE APPELLANT HIS CONSTITUTIONAL RIGHT OF SELF-REPRESENTATION.”
Notwithstanding the strong three-justice dissent in Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), to the contrary, we are duty bound to follow the majority opinion, wherein it was held that a defendant in a state criminal trial has a constitutional right to proceed without counsel when he voluntarily and intelligently elects to do so. The serious question now presented is a factual one, to-wit, Whether the multifarious circumstances of the proceedings in the trial court show a violation of his stated constitutional right. We now attempt to set forth the labyrinthi-an circumstances in the trial court pertaining to the question, which at times purport to show an adamantine determination that he would not be represented by counsel.
As a background to the court reporter’s transcript of the proceedings, it is to be noted that on May 10, 1983, there was a pre-arraignment order entered by the presiding judge of the Marengo County Circuit Court stating, “Defendant waives counsel and claims right to represent himself,” and on the same day defendant, without an attorney, pleaded not guilty. Thereafter, the judge of said circuit recused himself in the particular case and the Chief Justice of the Alabama Supreme Court appointed Honorable Hardie B. Kimbrough, Circuit Judge of Clarke County, to try the case. Just before the case was called for trial, the following occurred out of the presence *132 of a jury, in chambers of the Circuit Judge of Marengo County:
“JUDGE NEILSON: Mr. Parker, I have recused myself from this case because you have filed a lawsuit against me in Federal Court. This is Judge Hardie Kimbrough, who will try the case. He is from outside the circuit, and he wanted to talk with you before we begin the case.
“This is in chambers outside the presence of the jury.
“THE COURT: Hold up your right hand and be sworn.
“WILLIE JAMES PARKER
“Called by the Court, was sworn and testified as follows:
“BY THE COURT:
“Q. Is your name Willie James Parker? “A. Yes, sir.
“Q. You have previously been arraigned in this case, which is case CC-83-056, by Judge Claude D. Neilson. Do you recall when you were arraigned in this case?
“A. Yes, sir.
“Q. At that time, Judge Neilson determined that you were indigent. That means that you were without funds with which to pay a lawyer. Do you understand that?
“A. Yes, sir.
“Q. Now, the record reflects that at that time you made a determination that you would like to represent yourself; is that correct?
“A. Yes, sir.
“Q. I want you to fully understand that Judge Neilson has now recused himself from this case. He has nothing whatsoever to do with the case, and I do. In your best interest, I want to explain to you again that since you have been determined to be indigent and without funds to pay an attorney, that I, presiding in this case, will appoint a lawyer to represent you if you would like to have a lawyer assist you in the course of this trial. Do you understand that?
“A. Yes, sir.
“Q. I want you to express on the record now whether or not you have a preference as to whether or not you want a lawyer to assist you in the course of this trial.
“A. At first I wanted to defend myself, but I have been denied the right to use the law library. Time after time I’ve asked, and I’ve been incarcerated almost six months. I have asked every single day, and I haven’t been to the law library but twice. They’ve taken me twice, and that was to go to get books. I was told by the officer at the jail that I only had ten minutes to pick out the books and I had only two hours to use them. It’s only twice I’ve been able to use the law library. I’ve been denied that again and again. I asked everyday. I was always told: ‘We don’t have the people; I ain’t got the time; I don’t care if you don’t go.’ It was words used like this here, you know. I’ve been denied the use of the law library.
“Q. What I’m asking you this morning; You realized and you knew the case was set for trial this morning, didn’t you? “A. Yes, sir.
“Q. What I want to know is do you want me to appoint a competent attorney practicing law in this circuit to assist you in this trial and to represent you and protect your interest in this case?
“A. Yes, sir.
“Q. You would like to have a lawyer represent you?
“A. Yes, sir.
“Q. Then I will appoint one to represent you.
“THE COURT: Is Mr. Langster around? “JUDGE NEILSON: He’s supposed to be outside the courtroom.
“(Mr. Barrown D. Langster enters.) “THE COURT: Mr. Langster, this is Mr. William James Parker. I have been assigned by the Chief Justice to try this case since Judge Neilson recused himself.
“The record reflects that back on May 10th of this year, 1983, defendant at his *133 arraignment entered a plea of not guilty and indicated his desire to waive counsel and represent himself.
“MR. LANGSTER: Yes, sir.
“THE COURT: I have examined the defendant under oath this morning. He tells me that because he has not had access to the law library, he would at this time like to have counsel represent him. It is a serious offense with which this defendant is charged, robbery in the first degree. Since he has requested counsel I am going to appoint counsel to represent him. He’s been declared to be indigent, and I am going to appoint you to represent him.
“MR. LANGSTER: All right, sir.
“THE COURT: My present intention is this: My present intention is to select a jury this morning and set the case over until tomorrow so you will have time to confer with your client between now and in the morning.
“I realize it is rather short notice. If you have anything to file between now and in the morning, I’ll be back up here and I’ll consider any motion you might have, Mr. Langster.
“MR. LANGSTER: All right, sir.
“THE COURT: We’ll go off the record now.
“(Discussion held off the record.)
“THE COURT: If you think of anything significant to report to the Court, report it this morning. Do you understand? “MR. LANGSTER: Yes, sir.
“THE COURT: I am not going to put you to trial in this defendant’s trial today. He has previously indicated he did not want an attorney and indicates today he wants one. So, we’ll set it over to tomorrow.
“MR. LANGSTER: All right, sir. “(In-chambers proceedings concluded.) “(A jury was duly empanelled and sworn.)”
Thereupon, the jury selected to try the case was given appropriate instructions and then excused until the following morning at 9:00. The witnesses and parties and attorneys in the case were also excused until the following morning at 9:00, at which time the following occurred, in chambers, out of the presence of the jury:
“THE COURT: Mr. Langster, you have some motion you would like to make to the Court?
“MR. LANGSTER: Yes, sir. The first motion I would like to make is to withdraw from this case. The basis for the motion is that Mr. Parker here informed me that he does not wish to have a lawyer to represent him, that he feels as though he was somewhat forced to have a lawyer represent him. He has instructed me he does not want me to do anything regarding preparing for his defense, that he would prefer to handle it himself, and that the reason he was confused about as to whether or not he would be appointed an attorney or should be appointed an attorney was because he did not have access to the law books and that he was not given the opportunity to prepare his own defense. He would ask the Court to give him a continuance in this case so he can use the law books and be in a position to prepare his defense himself.
“THE COURT: All right. The defendant Willie James Parker earlier indicated to the Court under oath his desire to have counsel to represent him. This record reflects that, and the motion to withdraw as attorney will be denied. You are an officer of the Court, and I’m instructing you to assist this defendant in any way possible. If the defendant during the course of the trial wishes to pursue the role of an advocate himself, that will be his personal choice. But I will not relieve you at this time and will instruct you to go ahead and assist this defendant in every way possible. Mr. Langster, you understand that, because this defendant did not indicate any confusion earlier about the fact he wanted counsel to represent him.
“Your next motion?
“MR. LANGSTER: Well, I don’t have any other motion at this time; just to withdraw.
*134 “THE COURT: I deny the motion to withdraw. Any further motions?
“THE DEFENDANT: I said I don’t want an attorney.
“THE COURT: If you would like to speak—
“THE DEFENDANT: I want to make a statement on the record.
“THE COURT: Raise your hand and be sworn.
“(WILLIE JAMES PARKER was sworn and made the following statement): “THE DEFENDANT: This morning when I was taken back in the room, I was asked did I want an attorney. And at the moment I said yes. But I going to say it was because Judge Neilson was there. That probably influenced me to say I wanted an attorney. But now I’ve stayed on the record: Under no way will I accept no attorney out of Marengo County. I will not accept one. He will be in court but not defending me. I don’t want no attorney out of Marengo County.
“THE COURT: He has been appointed by the Court to represent you, and as an officer of the Court he has no choice. You will be given opportunity to consult with him, and I would advise you to cooperate with him. He is a practicing attorney and licensed in the State of Alabama and an experienced trial counsel. And I’m not going to relieve him of his obligation to defend you in this cause. How and in what manner you want to cooperate with him will be up to you. “THE DEFENDANT: In other words, I’m forced an attorney. I’m being forced an attorney.
“THE COURT: No, sir. It is at your earlier request under oath.
“THE DEFENDANT: I don’t want an attorney. I can go to jail. I will not accept an attorney. I will not talk to him. I don't want it. I would appreciate if I be taken to the jail. I don’t want no attorney, period.
“THE COURT: Mr. Langster, you remain as counsel in this case.
“If you don’t want him to participate during the course of the trial, I will allow you to make opening statements and examine witnesses. Mr. Langster can remain seated.
“MR. LANGSTER: I don’t know what my position is. I know the Court appointed me, and officially I’m his lawyer, appointed by the Court. Will the case be tried today or tomorrow?
“THE COURT: Are there any further motions?
“MR. LANGSTER: Well, at this time I feel somewhat constrained in that I represent him and I don’t.
“THE COURT: You represent him by this Court’s order.
“THE DEFENDANT: No way.
“THE COURT: If you would like to make some other motion, now is the time to make it on the record.
“THE DEFENDANT: I would like a motion.
“THE COURT: Just a moment, sir.
“MR. LANGSTER: Let me confer with him.
“THE COURT: All right.
“(Discussion off the record.)
“THE DEFENDANT: I don’t care what you do. Like I say: You are not my attorney. Whatever, you will not be defending me.
“MR. LANGSTER: At this time I’m not prepared to adequately defend him. I don’t see myself being any more prepared next Thursday than right now. He has indicated he will not cooperate with me at all. He will not talk with me over at the jail, and without his help, there is no way I can adequately defend him. I wouldn’t know what his version of the facts is on this basis of trying to establish a defense.
“MR. WATKINS [District Attorney]: May I ask a question? My understanding was you appointed a lawyer because you wanted one, and the basis was he hadn’t had time to use the library. I suppose that problem is still there. Would not a continuance be in order for him to use the library?
*135 “THE COURT: The Court entertains such a motion.
“MR. LANGSTER: It would have to be made by him.
“THE DEFENDANT: I would like to a postponement to use the library so I could defend myself.
“THE COURT: The Court is going to, on the defendant’s motion, grant a continuance in this case until next Thursday, August 18, at 9:00 a.m. The Court does not relieve Mr. Langster of his appointment. The Court will order that this defendant be given access to the Maren-go County Law Library to assist in the preparation of the trial of this case. “Do you understand that?
“THE DEFENDANT: Yes.
“THE COURT: Is there anything further?
“MR. WATKINS: I don’t have anything. “THE COURT: I will say this for the record, Mr. Parker: I’m not aware that you are a licensed practicing attorney and I would encourage you to consult with your Court-appointed attorney because I feel it is in your best interest. You will have a week in which to consult with him and in which to prepare for the trial of this case. On August 18th at 9:00 a.m., this will be tried, do you understand?
“THE DEFENDANT: Yes. And, like I say, I will be coming in the courtroom defending myself. Anything Mr. Lang-ster come in and say, it will be — I don’t know on whose behalf it will be, but not mine.
“THE COURT: This is during the morning of August 11 and you have indicated under oath to this Court you wanted a lawyer. I am complying with this.
“THE DEFENDANT: A lawyer is being forced upon me, and I will not accept a lawyer.
“THE COURT: This case is continued until next Thursday at 9:00.
“(In-chambers proceedings concluded; case continued until August 18, 1983, at 9:00 a.m.)”
As foreshadowed by the foregoing quotation from the transcript, the case came on for trial on August 18, 1983, but before the jury was allowed to hear any of the proceedings, another in-chambers conference was conducted, in which the following occurred:
“BY THE COURT:
“Q. You have indicated to the Court on two different occasions. On one occasion you indicated under oath that you did want an attorney to assist you in the trial of this case, and on another occasion you indicated to the Court that you did not. We are going to commence the trial of this case this morning, and the Court wants to know on the record what your disposition is this morning insofar as representation by counsel.
“A. [DEFENDANT]: First of all, my lawyer — when I was given a lawyer last Thursday — he stated he didn’t have but three working days to prepare my trial. I think that’s unfair. Simple reason because I needed witnesses. I needed him to collect information, and he didn’t have the proper time to do that.
“Q. My question to you this morning is: Do you want to represent yourself, Mr. Parker, or do you want Mr. Langster to assist you in the trial of this case? “A. I would like assistance, but I would like to be the man representing myself because I feel like him not knowing nothing about the preliminary hearing and just three or four days, I don’t see how he would be adequate in his fully representing me. And I don’t feel I could be adequate representing myself due to the fact that I have been denied the use of the law library. I only had the use of it since last Thursday and twice before then for almost a six-month period.
“Q. What I’ll do is I’ll allow you to conduct the trial of this case.
“THE COURT: Mr. Langster, I require you to sit there and assist him in any manner you possibly can as an attorney. Do you understand that?
“MR. LANGSTER: Yes, sir.
*136 “THE COURT: Do you have anything else for the record?
“MR. WATKINS: No, sir.
“THE COURT: Mr. Langster?
“MR. LANGSTER: I don’t have anything.
“THE COURT: You may have a seat at the respective tables, and we’ll begin the trial of this case.
“(In-chambers proceedings concluded). “(In open Court; jury present.)
“THE COURT: As I instructed you when we selected you to serve as jurors in this case, this is a case of the State of Alabama versus Willie James Parker. We’ll commence the trial of this case by opening statement. The State of Alabama is represented by its District Attorney Nathan Watkins, and he will make the initial opening statement.
“In this particular case the defendant, Mr. Willie James Parker, has selected to represent himself, and he will make an opening statement. I have appointed an attorney to assist him if he so desires in the trial of this case, Mr. Barrown Lang-ster of Demopolis, Alabama.
“After Mr. Watkins makes his opening statement, Mr. Parker will have an opportunity to make an opening statement to you ladies and gentlemen of the jury, then, if he so desires, the District Attorney, because the State of Alabama has the burden of proof in a criminal case, will have an opportunity to make a closing opening statement.
“You may make your opening statements at this time.
“MR. LANGSTER: Your Honor, may we approach the bench?
“THE COURT: Certainly.
“(Discussion held at the bench off the record.)
“(Whereupon an opening statement was made on behalf of the State by Mr. Watkins during which no objection was made.)
“(Whereupon an opening statement was made on behalf of the defendant by Mr. Langster during which no objection was made.)
“THE COURT: Any rebuttal?
“MR. WATKINS: No, sir.
“THE COURT: Call your first witness.
“MR. WATKINS: Call Mrs. Luker.”
The court reporter’s transcript shows that immediately after the last portion of the transcript quoted above, Mrs. Ruby Luker was called, was sworn as a witness and took the witness stand but that before she testified, Mr. Langster moved that she not be allowed to testify for the reason that she had been sitting in the courtroom during the statements of counsel as to what they expected the evidence to show. The motion was overruled by the court, and Mrs. Luker was allowed to testify. After her testimony was completed, four other witnesses testified on behalf of the State. All of the witnesses for the State were cross-examined by Attorney Langster. When the State rested, the defendant testified on direct examination by Mr. Langster and on cross-examination by counsel for the State. At no time between commencement of the testimony of Mrs. Luker and a return by the jury of its verdict, did the defendant personally take any part, other than as a witness, in the trial.
We conclude, from what has been shown above, particularly from his inconsistency and ambivalence as to whether he desired to defend himself, as contradistin-guished from having an attorney to defend him, that the trial court did the best it could to protect him as to the constitutional right of a defendant in a criminal case to proceed without counsel when he voluntarily and intelligently elects to do so, as pronounced in Faretta v. California, supra. Furthermore, we conclude that the trial court did not commit error prejudicial to defendant in any of its rulings on the subject. By making it known to defendant that he could defend himself in all respects as if no attorney were in the courtroom to aid him and directing an attorney to stay with him to render him aid, the action of the court stands out most favorably in bold relief against the contumacy of the defendant.
*137 In the only other issue presented by appellant, the position is taken that there was insufficient “credible evidence at trial to sustain a finding of guilty.” Appellant is correct in stating that the defendant “took the stand in his own behalf” and that his “testimony was a complete denial of the robbery charge.” Defendant’s attorney was successful in showing by the witness Mrs. Luker that she was unable to identify the defendant as the robber from the photographs, including the photograph of the defendant, two hours after the robbery was committed, but that when she saw his picture some two years after the robbery and before the trial, she was able to identify it as a picture of the robber. The witness said that she continued to be so afraid when the pictures were shown to her two hours after the robbery that she was unable to make an identification of the robber from the pictures. Appellant says that there “was a conflict in the testimony of the expert witnesses sufficient to cast doubt on their testimony.” There was expert fingerprint testimony, and there was some dispute in the testimony as to whether it is a scientifically established fact that a latent fingerprint that matches precisely a known fingerprint is the fingerprint of the person who made the known fingerprint. Notwithstanding the possibility that defendant was not the robber, we cannot say that the evidence did not show beyond a reasonable doubt that he was. A jury question was clearly presented, and we are not persuaded that the verdict is clearly unjust.
The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.